# IN THE UNITED STATES DISTRICT COURT
# FOR THE NOTHERN DISTRICT OF TEXAS

| | |
|---|---|
| LEDON RICHARDSON, | § |
| Plaintiff, | § Civil Action No. |
| v. | § |
| SMART PAY LEASING, INC. d/b/a SMARPAY EVERYDAY LEASING, | § **Jury Trial Demanded** |
| Defendant. | § |

## COMPLAINT

LEDON RICHARDSON ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SMART PAY LEASING, INC. D/B/A SMARTPAY EVERYDAY LEASING ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Texas, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person living in DeSoto, Texas 75115.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 550 Kearny Street, Suite 320, San Francisco, CA 94104.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone as a cellular telephone number.

12. Beginning in late 2015 or early 2016, Defendant called Plaintiff on his cellular telephone multiple times daily.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system.

14. The automated calls would include a pre-recorded voice from Defendant before the calls were transferred to live agents.

15. Plaintiff knew Defendant was calling him because he spoke to male representatives who stated their company name during the calls.

16. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to contact Plaintiff regarding his account balance.

17. Desiring to stop the calls in sometime in early 2016, Plaintiff spoke with Defendant and revoked any consent that may have been given to Defendant to call his cellular telephone number.

18. Once Defendant was aware that its calls were unwanted, its continued calls could have served no purpose other than harassment.

19. Defendant proceeded to ignore Plaintiff's revocation and call his cellular telephone number each day, typically multiple times per day.

20. After Plaintiff's frequent requests to Defendant's representatives to stop the calls were ignored, Plaintiff had no other viable option but to block calls from Defendant's phone number.

21. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

# **DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

24. Defendant's calls to Plaintiff were not made for emergency purposes.

25. Defendant's calls to Plaintiff, on and after early 2016, were not made with Plaintiff's prior express consent.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, LEDON RICHARDSON, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LEDON RICHARDSON, demands a jury trial in this case.

Respectfully submitted,

DATED: August 5, 2016

By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff